## J. Reynolds *v.* The State.

1. Practice in this Court. — Unless a bill of exceptions was reserved, the
refusal of a continuance will not be revised.

2. Continuance. — Art. 560 of the Revised Code of Criminal Procedure sub-
jects the truth, sufficiency, and merits of all applications for continuance
to the discretion of the court below; but this in no wise relaxes the diligence
required, nor dispenses with a bill of exceptions to a refusal of the continu-
ance.

3. Diligence — Practice. — If an application for a continuance failed to show
diligence, the defect cannot be supplied by the affidavit of the defendant,
or that of his absent witness, in support of the motion for new trial.

4. Diligence is wanting when it appears that fifteen days before the trial a subpœna for the absent witness was returned not executed, and no other process for him was sued out.

5. New Trial. — Under the provision of the Revised Code of Criminal Procedure allowing the State to "take issue with the defendant upon the truth of the causes set forth in the motion for a new trial," counter-affidavits may be filed in opposition to the motion.

Appeal from the District Court of Goliad.    Tried below before the Hon. H. C. Pleasants.

The conviction was for theft of a gelding.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

White, P. J.    No bill of exceptions was reserved to the action of the court in overruling defendant's application for a continuance in this case, and consequently the question is not a subject for revision.    *Nelson* v. *The State*, 1 Texas Ct. App. 41.

A new provision incorporated into our statute upon continuance is that "the truth of the first or any subsequent application, as well as the merit of the ground set forth therein, and its sufficiency, shall be addressed to the sound discretion of the court called to pass upon the same, and shall not be granted as a matter of right; *provided*, that should an application for a continuance be overruled and the defendant convicted, if it appear upon the trial that the evidence of the witness or witnesses named in the application was of a material character, and that the facts set forth in said application were probably true, a new trial should be granted, and the cause continued for the term or postponed to a future day of the same term."    Code Cr. Proc., art. 560.    But this provision is not intended to do away in the least with the diligence required in the second subdivision of the article, nor to permit in lieu thereof an

affidavit of a witness to material facts in the motion for a new trial, to supply the want of diligence; nor the want of a bill of exceptions to the overruling of the application.

In this case defendant files in support of his motion for a new trial the affidavit of the witness Burriss to facts which might have been material had proper diligence been used to secure his attendance. Such, however, is not the case; for the subpœna issued for defendant's witnesses, which is made an exhibit to his application, shows that it was returned not executed as to this particular witness fifteen days before trial, and no other process was sued out to secure his attendance. Want of diligence cannot be supplied on the motion for new trial, either by the affidavit of the party himself, or, as was sought in this case, by the affidavit of his witness. *May* v. *The State*, 6 Texas Ct. App. 191. So far as the motion for a new trial was concerned in connection with the proposed testimony of the witness Burriss, the court did not err in overruling it.

On its other grounds the State took issue by filing counter-affidavits under another new provision of our statute, which prescribes that " the State may take issue with the defendant upon the truth of the causes set forth in the motion for a new trial, and in such case the judge shall hear evidence by affidavit or otherwise, and determine the issue." Code Cr. Proc., art. 781. We are of opinion the court did not err in overruling the motion for a new trial.

The evidence is sufficient, and the charge of the court the law of the case. No error has been made to appear, and the judgment is affirmed.

*Affirmed.*